IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THERMOWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TYPHUR INC., et al., <br><br> Defendants. | **MEMORANDUM DECISION GRANTING [13] PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE** <br><br> Case No. 2:25-cv-00416-AMA-CMR <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's *ex parte* Motion for Alternative Service (Motion) (ECF 13) and the Declaration of S. Brandon Owen (ECF 17) filed in support of the Motion. Plaintiff seeks to serve Defendant Shenzhen Auros Technology Innovation Co., Ltd. (Auros) through email pursuant to Federal Rule of Civil Procedure 4(f)(3). For the reasons set forth below, the court enters the following Memorandum Decision Order GRANTING the Motion.

I.     BACKGROUND

Plaintiff filed the Complaint in this matter on May 27, 2025, asserting claims of trademark infringement, trade dress infringement, and unfair competition against Defendants Typhur Inc. (Typhur) and Auros (collectively, Defendants) (ECF 2). In the Motion, Plaintiff states that Typhur is a California corporation and, on information and belief, Auros is an entity organized under the laws of China (ECF 13 at 2). According to Plaintiff, it "served Typhur with the Complaint on August 25, 2025" but "[c]ounsel for Typhur represented that she does not represent Auros and is not authorized to accept service on behalf of Auros" (*id.*).

In the Motion, Plaintiff details the issues it has encountered in effectuating service on Auros. As alleged in the Complaint, Defendants' products are sold on Amazon using the trademark

"ThermoMaven" (ECF 2). Plaintiff represents that the "ThermoMaven Amazon storefront lists support@thermomaven.com as a way to contact the seller of ThermoMaven products" (ECF 13 at 2). Moreover, the "listed Business Name of the seller on the ThermoMaven page is 'shenzhenshiaoruisijishuchuangxinyouxiangongsi,'" which, according to Plaintiff, "appears to be the romanization of the Chinese name of 'Shenzhen Auros Technology Innovation Co., Ltd.'" (*id.* at 3).

In cross-referencing information on the United States Federal Communications Commission's (FCC) website, Plaintiff was able to obtain further contact information in relation to Auros (*id.* at 6). Through documents submitted to the FCC, Plaintiff was able to "identify a contact person for Auros," which revealed "the email address of wilson.huang@typhur.com for that contact person" (*id.*). Beyond that contact information, Plaintiff represents that "[s]ome of the documents submitted to the FCC also show a relationship between Auros and Typhur" (*id.*). And "[i]n those documents, Auros appoints Typhur to accept service of process in the United States at the stated U.S. address and email address for matters related to the applicable equipment," and the "stated email address for Typhur is allen.f@typhur.com" (*id.*). Accordingly, Plaintiff seeks leave to serve Auros via the email addresses listed on its Amazon storefront (support@thermomaven.com) and its filing with the FCC (wilson.huang@typhur.com & allen.f@typhur.com).

On October 3, 2025, the court directed Plaintiff to file a supplemental declaration in support of its Motion with information about any efforts to serve Auros at a physical address (ECF 15). On October 15, 2025, Plaintiff filed the Declaration of S. Brandon Owen (ECF 17) in support of its Motion. Mr. Owen, counsel for Plaintiff, stated that Plaintiff has not attempted to serve Auros at a physical address, but recounted the efforts Plaintiff has made to effectuate service (*id.*).

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(h)(2) provides that a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4(f) governs service of individuals in a foreign country and permits service as follows:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsection (A)–(C)]; or

(3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f) does not prioritize any specific method of service, and parties are not obligated to follow Rule 4(f)(1) or (2) prior to using Rule 4(f)(3). *See Purple Innovation, LLC v. Chuang Fan Handicraft Co., Ltd.*, No. 2:22-CV-00620, 2023 WL 3168485, at *1 (D. Utah Apr. 28, 2023) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props.*, 284 F.3d at 1015. The first requirement requires that the method of service be "reasonably calculated to provide notice and an opportunity to respond." *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-cv-287-DAK-DBP, 2020 WL 6364598, at *11–12 (D. Utah Oct. 29, 2020) (quoting *Rio Props.*, 284 F.3d at 1017). The Tenth Circuit has held that the relevant inquiry under the second requirement is whether an international agreement, such as the Hague Convention, prohibits the requested method of service. *DP Creations, LLC v. Jiaheng*, No. 2:22-cv-772-TC-

DBP, 2023 WL 318259, at *1–2 (D. Utah Jan. 19, 2023) (citing *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020)). Ultimately, the decision to order service of process under Rule 4(f)(3) "is committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

### III.   DISCUSSION

As noted above, service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props., Inc.*, 284 F.3d at 1015. Concerning the first requirement for service under Rule 4(f)(3), Plaintiff argues that service by email comports with constitutional notions of due process and that this position is supported by case law from within this district (ECF 13 at 8). Indeed, this court and others have found that the service of process through email is reasonably calculated to provide a party with notice of an action and an opportunity to respond. *See, e.g.*, *Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, No. 2:24-cv-00961-JNP, 2025 WL 252810, at *3–4 (D. Utah Jan. 21, 2025) (noting the limitations associated with service of process by email but ultimately granting the plaintiff's request for service via email stating it was likely "the best way to effect service of process on the defendant"); *DP Creations*, 2023 WL 318259, at *2 (holding email service comports with due process when the defendant provided Amazon with its email address in response to its infringement notification); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

Here, service by email is likely to provide notice to Auros. Auros provided Amazon with

its email address and provided contact information to the FCC. Auros is an online seller; therefore, it is reasonable to find that it likely relies on electronic communications to interact with customers, domain registrars, and web hosts. *See DP Creations*, 2021 WL 11585915 at *8 (concluding that because Defendants were e-commerce and foreign-based companies, service of process by email was likely "the only means of effecting service of process" (quoting *Rio Props.*, 284 F.3d at 1018)). Auros also appointed Typhur as its agent for accepting service of process in the United States for matters related to the applicable equipment (ECF 13 at 9). Email service would thus promptly notify Auros of the pending action. Accordingly, service via Auros' email addresses complies with due process as required by Rule 4(f)(3).

Service of process via email also satisfies the second requirement of Rule 4(f)(3) because international agreements do not prohibit service by email. China is a signatory to the Hague Convention. *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited March 2, 2026). Courts applying Rule 4(f)(3) "look to whether the Hague Service Convention prohibits the method of service requested." *The Neck Hammock*, 2020 WL 6364598, at *4. This court has determined that the Hague Convention does not expressly prohibit email service to a corporation located in China, and that it complies with the second requirement of Rule 4(f)(3). *See id.* at *4–5 (concluding that "email service is not prohibited by international agreement," even though China objected to service by postal channels under Article 10 of the Hague Convention). For these reasons, the court concludes that Plaintiff's requested method of service via email complies with the requirements for service under Rule 4(f)(3).

## IV. CONCLUSION AND ORDER

For the reasons stated above, the court finds it appropriate for Plaintiff to effect service consistent with the Order below, via all the email addresses it determined to be Auros's contact information. Accordingly, IT IS HEREBY ORDERED that:

(A) The Motion is GRANTED.

(B) Plaintiff is permitted to effect service of its Complaint to Defendant Shenzhen Auros Technology Innovation Co., Ltd. via email to support@thermomaven.com, wilson.huang@typhur.com, and allen.f@typhur.com.

(C) Service of the Complaint will be complete once Plaintiff receives confirmation that the Complaint has been sent to the recipient.

(D) Plaintiff shall provide the court with any indication that the emails sent to Defendant Shenzhen Auros Technology Innovation Co., Ltd. are returned or otherwise not received.

(E) A copy of this order must be served with the Complaint.

IT IS SO ORDERED.

DATED this 3 March 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah